

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-1995

# Yi Yang v Maugans

Precedential or Non-Precedential:

Docket 95-7316

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Yi Yang v Maugans" (1995). *1995 Decisions.* Paper 279.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/279

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Nos. 95-7316, 7317, 7318,
7319, 7320 and 7321


YOU YI YANG; BONG WON YEE; GUANG FENG LI; CHU-SU CHEN; PIN LIN;
YONG ZHONG PAN, a/k/a Pu Wing Chun; SO GEE DONG; CHANG CHUN LU;
XIN-FEI ZHANG, a/k/a Xin-Fuei Zarang; TONG WAI ZHANG; DAI MIN LU;
SHI CHUN ZHENG; CHUN HUA LIN; XING CHEN; SHUIDI ZHENG;
GUO ZHEN XIE; LI YUN-YOU; MING LONG LIN; DEK FUN LIN;
ZHONG CHEN; WANG CHAO LIN; NAN REN LIN; YENG MING LIN;
CHAN BIN JONG; ZENG HUA ZHENG; YUNG KWON CHENG; RUI QUI HUANG;
SHIMU CHEN; GUI LIN CHENG; REN YAN YANG; YONG ZHENG; KWAI
SUNG CHENG; XUE KIAN CHEN; YI HONG LIN; GOU ZHI LEE;
JIAN LE SHI; WU CHAO; XING-KWONG ZHENG, a/k/a Xing-Ke Zheng;
XUE YAO LIN; JIAN BIN LIN; WING JONG JUNG; BIN HUA ZHENG;
XIANG GUI CAO; ZUOXUN LEE; CHAI KAN CHENG; AI MING WANG;
SING CHOU CHUNG; JAR JIAN WANG; HE PING CAO; ZENG-PING LUI;
KOU ZHANG CHENG; GONG SHI; CAI WAN CHEN; YUE FENG LEE; ZHAO
SHAN ZHAO; FEN-HOU CHEN; CHONG SHENG QU; XUE-DEE CHEN;
MAO-JIANG LIN; WEN-HAO CHEN; JIAN FU CHAI; DE HUI CHEN; JI LI
ZHENG; FU SING ZHENG; YE ZING CHAI; FA YU ZHUANG; SHI J ZHENG;
ZHONG ZHOU; LIAN BING ZHENG; ZHAI YOUNG ZHU; XUE CAN ZOU;
XYE RONG ZHAN; AU ZIA ZHAO; YUE FENG ZHANG; DA HE ZHENG; SHAN
CIEN ZHANG; NAN WEI ZHANG; HUA YI ZHON; YE SONG; GIN GUAN WU; YEE
JAN WONG; XIN CHANG SHANG; ZHONG WU LUO; HUSEH TA TANG; WANG WU
DONG; YOU SHUI WANG; ZIM SHENG WHANG; SI OU; LI TUN CHENG; PAN
SHAO MIN; YOU QUAN LIN; BI SHENG LIU; XU YONG LU; LU TIAN HAO;
GHUAN LI LIU; RUI KAN LIN; XIANG KENG LIN; KONG ZHI LI;
DUAN SHENG KIN; ZHON GUAN LI; JIN LIM FU; ZHE SHUNG JAIN; HYEI
GWOR; WING-HON CHENG; DAI ZI HE; ZHI PING GAO; XIANG NMU GAO; YI
CHENG DONG; EI YOUNG GIANG; SON SHING DONG; JIA RENG DONG;
CHI CHI CHUNG; WOR OI CHIN; ZHU F. CHENG; SON CHING CHENG;
GIN SEN CHENG; TIA SIAN CHEN; KAN GUAN CHEN; KAI Q. ZENG;
GUO CHENG LIN; XIANG GUAN CAI; XIN SING ZHOU; YONG QUI CHI; YONG
GING WU; CIAN GLUAN YONG; CHENG YE WU; MING GUANG LIU;
CHUN LIN JIN; JAN YON CHUNG; ZHEN HUAN WENG; KANG DI WENG;
CHENG XIAO DAI; GUO PING YE; CHANG QING ZHOU; MEI XI CHEN; JIAN
BIAO WENG; DAR HUA WANG; FUI LIN; ZHE SHUNG JAN; ZHONG MING TIAN;
GUAN JUN WANG; JIAN YUN WAN; JIA WEN LIU; BAO JIN LUI; ZHANG SONG
XHONG; XIN BIN ZHENG

v.

GEORGE MAUGANS, District Counsel of the United States


1

Immigration and Naturalization Service – Baltimore District; DAVID L. MILHOLLEN, Director of the Executive Office for Immigration Review and Chairman of the Board of Immigration Appeals; RICHARD J. SHARKEY, District Counsel of the US Immigration and Naturalization Service – Philadelphia District; J. SCOTT BLACKMAN, District Director of the US Immigration and Naturalization Service – Philadelphia District; UNITED STATES IMMIGRATION & NATURALIZATION SERVICE; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; JANET RENO, Attorney General of the United States; DORIS MEISSNER, Commissioner of the US Immigration and Naturalization Service; MARY MAGUIRE DUNNE, Acting Director of the Executive Office for Immigration Review and Acting Chairman of the Board of Immigration Appeals

> JANET RENO, Attorney General of the United States; DORIS MEISSNER, Commissioner of the U.S. Immigration and Naturalization Service; GEORGE MAUGANS, District Counsel of the U.S. Immigration and Naturalization Service, Baltimore District; DAVID L. MILHOLLEN, Director of the Executive Office for Immigration Review and Chairman of the Board of Immigration Appeals; RICHARD J. SHARKEY, District Counsel of the U.S. Immigration and Naturalization Service, Philadelphia District; J. SCOTT BLACKMAN, District Director of the U.S. Immigration and Naturalization Service, Philadelphia District; MARY MAGUIRE DUNNE, Acting Director of the Executive Office for Immigration Review and Acting Chairman of the Board of Immigration Appeals,

Appellants, in 95–7316, 95–7317, 95–7318, 95–7319, 95–7320, 95,7321

(Appeal from matter regarding Dek Fun Lin at D.C. Cv. No. 94–59)

(Appeal from matter regarding Shimu Chen at D.C. Cv. No. 94–192)

(Appeal from matter regarding Chao Wu at D.C. Cv. No. 94–257)

(Appeal from matter regarding Sing Chou Chung at D.C. Cv. No. 94–435)

2

(Appeal from matter regarding Dar Hwa Wang at D.C. Cv.
No. 94-560)


(Appeal from matter regarding Zhao Shan Zhao at D.C. Cv.
No. 94-601)




On Appeal from the United States District Court for
the Middle District of Pennsylvania
(D.C. Civil No. 93-cv-01702)



Argued:  August 25, 1995

BEFORE:   GREENBERG, COWEN and SAROKIN
Circuit Judges


(Filed  October 24, l995)

Craig T. Trebilcock
Stock & Leader
35 South Duke Street
P.O. Box 5167
York, PA  17405-5167

Frances P. Rayer
Pepper, Hamilton & Scheetz
18th & Arch Streets
3000 Two Logan Square
Philadelphia, PA  19103-2799


Beverly J. Points
100 East Market Street
York, PA  17405-7012

Ann Carr
156 East King Street
Lancaster, PA  17602

Robert S. Kitchenoff
David H. Weinstein (ARGUED)

Weinstein, Kitchenoff, Scarlato
 and Goldman
1608 Walnut Street
Suite 1400
Philadelphia, PA  19103

Kathleen Blanchard
Astra Merck, Inc.
725 Chesterbrook Boulevard
Wayne, PA  19087-5677

Sharon J. Phillips
11 Park Place
New York, New York  10007

Kurt A. Blake
Katherman & Heim
345 East Market Street
York, PA  17403


            COUNSEL FOR APPELLEES

                Dek Fun Lin
                Shimu Chen
                Chao Wu
                Sing Chou Chung
                Dar Hwa Wang
                Zhao Shan Zhao


Philemina M. Jones
David M. McConnell
Gary G. Grindler (ARGUED)
United States Department
 of Justice
Office of Immigration Litigation
Ben Franklin Station
P.O. Box 878
Washington, D.C.  20044

            COUNSEL FOR APPELLANTS

                GEORGE MAUGANS, District Counsel of
                of the United States Immigration and
                Naturalization Service - Baltimore District

                DAVID L. MILHOLLEN, Director of the
                Executive Office for Immigration Review
                and Chairman of the Board of Immigration

Appeals

RICHARD J. SHARKEY, District Counsel
of the United States Immigration and
Naturalization Service – Philadelphia District

J. SCOTT BLACKMAN, District Director
of the United States Immigration and
Naturalization Service – Philadelphia District

IMMIGRATION & NATURALIZATION SERVICE

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

JANET RENO, United States Attorney General

DORIS MEISSNER, Commissioner of the
United States Immigration and Naturalization
Service

MARY MAGUIRE DUNNE, Acting Director of the
Executive Office for Immigration Review and Acting
Chairman of the Board of Immigration Appeals


**OPINION**


COWEN, <u>Circuit Judge</u>.

This case involves the issue of whether an "entry" may be effected pursuant to section 101 of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1101, merely by encroaching upon United States territorial waters without being detected or pursued by authorities.  Also at issue is whether the district court accorded the Board of Immigration Appeals' ("BIA") construction of section 291 of the INA, 8 U.S.C. § 1361, which is the statute's burden of proof provision, the deference to which it was entitled under the standard the Supreme Court set forth in

5

<u>Chevron v. U.S.A., Inc. v. Natural Resources Defense Council,</u>
<u>Inc.</u>, 467 U.S. 837, 104 S. Ct. 2778 (1984).

The related appeals before us arise from the <u>habeas</u> <u>corpus</u> petitions of six citizens of the People's Republic of China who are currently being held for deportation by the Immigration and Naturalization Service ("INS"). Petitioners Sing Chou Chung ("Chung"), Dek Fu Lin ("Lin"), Shimu Chen ("Chen"), Wu Chao ("Chao"), Shan Zhoa ("Zhoa") and Dar Hwa Wang ("Wang") set foot upon a Rockaway, Queens beach on June 6, 1993, after having traveled for three months in the cargo hold of the "Golden Venture," an alien smuggling ship carrying over 300 passengers. None of the petitioners ever left the beach area and all of them admittedly were arrested within thirty minutes of their arrival.

Chung, Lin, Chen, Chao, Zhoa and Wang all had their legal claims adjudicated in exclusion proceedings. At their respective exclusion proceedings, the six petitioners' applications for asylum were denied and they were ordered excluded from the United States. They then filed <u>habeas corpus</u> petitions in the United States District Court for the Middle District of Pennsylvania, pursuant to section 106(b) of the INA, 8 U.S.C. § 1105a(b). All six petitioners proceeded to file motions in the district court for partial summary judgment on the issue of whether they had "entered" the United States within the meaning of the INA.[1]

---

[1] The question whether the petitioners had "entered" the United States is not merely a matter of semantics. Under the law, once an alien has "entered" the United States, that individual has certain rights that can be adjudicated only pursuant to a full

6

On May 16, 1995, the district court held that petitioner Chung had "entered" the United States as a matter of law before he had reached dry land. Chung v. Reno, 886 F. Supp. 1172, 1184 (M.D. Pa. 1995). As to the allocation of the burden of proof under section 291 of the INA, the district court further held that it was unreasonable for the BIA to place the burden upon illegal aliens to establish that they were "free from official restraint." Id. at 1185. On June 6, 1995, the district court denied the government's motion for reconsideration and ordered deportation proceedings to commence against Chung within ten days. The government was ordered to release Chung if deportation proceedings were not commenced within that time period. On June 9, 1995, based upon its decision in Chung, the district court ordered the government to initiate deportation proceedings against petitioners Lin, Chen, Chao, Zhoa and Wang.

The government appeals the district court's orders granting partial summary judgment on the issue of entry in the six petitioners' habeas corpus actions. As the district court interpreted our decision in United States v. Vasilatos, 209 F.2d 195 (3d Cir. 1954) too broadly and failed to accord the BIA's interpretation of the INA the required level of deference, we reverse.

---

deportation hearing. However, if the individual is found in the United States but never "entered" within the meaning of section 101 of the INA, the alien can be excluded through the summary process of an exclusion hearing.

7

These cases arise from the following series of events, as described in the BIA's decision in Matter of G-, Int. Dec. 3215, at 5-7 (BIA 1993).
In the early morning hours of June 6, 1993, the "Golden Venture" struck a sandbar 100 to 200 yards offshore of Fort Tilden Military Reservation, which is located on the Rockaway Peninsula in the Gateway National Recreation Area in Queens, New York.  The plight of "Golden Venture" first came to the attention of law enforcement officers at approximately 1:45 a.m.  At that time, two United States Department of the Interior Park Police officers saw the ship, some of its passengers running on the beach and others attempting to swim ashore.  At 1:58 a.m., the officers contacted the New York City Police Department ("NYPD") and other law enforcement agencies for assistance.

A formidable array of law enforcement officers soon arrived upon the scene.  NYPD officers responded to the emergency call at 2:19 a.m.  Soon thereafter a police cordon was set up to secure the beach area.  Also involved in the rescue operation were police canine units, New York State Police helicopters equipped with searchlights, Coast Guard boats and helicopters and personnel from the New York Park Police, the Jacob Riis Park Police, the New York City Fire Department and the Emergency Medical Service.  INS officials arrived at approximately 3:30 a.m.

8

Over 100 "Golden Venture" passengers remained on the ship to await the arrival of rescue personnel. Approximately 200 of the passengers, however, decided to hazard the fifty-three-degree waters and high waves by attempting to swim ashore. Although it appears that most of the people who ultimately reached the beach were too exhausted to go farther, about thirty passengers fled into the surrounding community before the perimeter of the beach had been sealed off. Others were arrested on the beach and held in a building on Fort Tilden Military Reservation. The police escorted passengers who needed medical attention to local hospitals where, after they received appropriate medical treatment, were placed in the custody of the INS.

At York County Prison, exclusion hearings were brought against the "Golden Venture" detainees, including the six petitioners. At their respective exclusion proceedings, the petitioners provided the following accounts of their arrivals: Chung, Lin and Chen said that they jumped from the ship, swam ashore and lay down in exhaustion until they were approached by an officer. Chao also said that he jumped from the ship and swam ashore. He came up on the beach near a fence, walked about thirty steps, changed his clothes and waited until some officers took him away. Zhoa averred that he "almost walked to the street" before a police officer approached him approximately thirty minutes after his arrival on the beach. Wang stated that he jumped into the ocean, swam ashore, changed clothes and sat on

9

the beach.  While on the beach he was taken away by the officers after being given emergency care.

The BIA entered a final exclusion order in each of petitioners' cases after concluding that the aliens had not proven that they made an "entry" into the United States within the meaning of section 101 of the INA.  All six petitioners and many of their "Golden Venture" co-passengers also applied for political asylum in their exclusion hearings, alleging that they were being persecuted by China's one-child-to-a-family policy.  Their applications for asylum were all rejected.  Presently the petitioners, along with nearly half the "Golden Venture" passengers, are being detained at York County Prison in Pennsylvania.

**B.**

The BIA addressed the issue of entry in Matter of G-, which involved the case of petitioner Sing Chou Chung, one of the "Golden Venture" passengers.  Applying well-established law, the BIA defined "entry" as requiring satisfaction of the following three elements:  "(1) a crossing into the territorial limits of the United States, i.e., physical presence;  (2) (a) inspection and admission by an immigration officer, or (b) actual and intentional evasion of inspection at the nearest entry point; and (3) freedom from official restraint."  Id. at 8 (citing Correa v. Thornburgh, 901 F.2d 1166, 1171 (2d Cir. 1990);  Matter of Patel, Int. Dec. 3157 (BIA 1991)).

10

Since Chung landed on the beach, the BIA found that he had satisfied the "physical presence" requirement. The BIA also found that the second element of the entry test had been met because "the circumstances under which the Golden Venture landed, [Chung's] payment of money to a smuggling operation for passage to the United States, his lack of travel documents entitling him to enter this country, and his conduct once he came ashore" suggested that Chung intended to evade inspection at the nearest entry point. Matter of G–, Int. Dec. 135, at 13.

The determinative factor was whether Chung had satisfied the third element of the entry test, i.e., whether he was ever "free from official restraint." The BIA interpreted section 291 of the INA as placing the burden upon the "Golden Venture" aliens to establish that they were free from official restraint. The BIA recognized that "in cases where there is no clear evidence of the facts determinative of the entry issue, those cases ultimately must be resolved on where the burden of proof lies." Id. at 11. The BIA held that Chung did not "enter" the United States because he had failed to meet this burden. Id. at 14–15.

## C.

Over 100 of the detainees, including the petitioners, filed habeas corpus petitions in the United States District Court for the Middle District of Pennsylvania, pursuant to section 106(b) of the INA, 8 U.S.C. § 1105a(b). As these petitions presented similar issues, the district court consolidated them

11

under the caption <u>Yang You Yi v. Maugans</u>, No. 93-1702.  The consolidation order, entered on November 15, 1993, consolidated "for all purposes" current and future <u>habeas corpus</u> petitions from the "Golden Venture" passengers detained at York County Prison.

After the district court's consolidation order had been entered, the six petitioners filed individual motions for partial summary judgment on the issue of whether they had effected an "entry" into the United States.  On May 16, 1995, the district court granted petitioner Chung's motion for partial summary judgment, holding that he had entered the United States within the meaning of the INA.  <u>Chung v. Reno</u>, 886 F. Supp. at 1185. The district court concluded that the BIA had applied the governing immigration law incorrectly in two areas.  First, the court rejected the BIA's conclusion that all three elements necessary to establish that an entry into the United States has occurred must be satisfied while the alien is on "dry land."  <u>Id.</u> at 1179. The district court interpreted our decision in <u>United States v. Vasilatos</u>, 209 F.2d 195 (3d Cir. 1954), as binding authority, which led it to conclude that Chung had satisfied all three elements of the entry test before he reached dry land. <u>Chung</u>, 886 F. Supp. at 1184.

The district court further held that the burden of proof had not_!

12